Filed 9/23/25  P. v. Ward CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE WARD,<br><br>    Defendant and Appellant. | B339140<br><br>(Los Angeles County<br> Super. Ct. No. TA145656) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed as Modified.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Dwayne Ward (Ward) was convicted of four felonies in 2019 stemming from a shootout that left a three-year-old bystander dead. On direct appeal, Ward was successful in reversing two of those convictions for murder and attempted murder. On remand, the District Attorney elected not to re-try Ward, and as a result his convictions were reduced to voluntary manslaughter and attempted voluntary manslaughter. The trial court proceeded to resentence Ward on all counts of his conviction, reducing his sentence from 89 years to life to 35 years to life. Ward now appeals, arguing the trial court erred in resentencing him on the two felony counts that were affirmed in his prior direct appeal. He also contends the trial court erred in declining to strike his firearm enhancement (Pen. Code, § 12022.53).[1] We affirm, finding the trial court did not exceed its jurisdiction or abuse its discretion in resentencing Ward on remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a shootout between Ward and Kevaughn Harris (Harris) left a three-year-old boy dead.[2] Ward and Harris were tried together in 2019 and the jury convicted Ward of second-degree murder (§ 187, subd. (a); count 1), shooting at an occupied motor vehicle (§ 246; count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4), and attempted second-degree

---

[1]    All future statutory references are to the Penal Code unless otherwise specified.

[2]    This fact is taken from the unpublished appellate opinion reversing in part and affirming in part Ward's conviction. (*People v. Ward* (Aug. 12, 2022, No. B310842) [nonpub. opn.].) We cite the fact not for its truth, but only for the basis of Ward's conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 459–460.)

2

murder (§§ 664/187, subd. (a); count 6). The jury also found true the allegation that Ward personally discharged a firearm causing death (§ 12022.53, subd. (d)) in connection with count 2. Ward admitted he had a prior strike under section 667, subdivisions (b) through (j), and was sentenced to an aggregate term of 89 years to life.[3]

On direct appeal, a different panel of this court reversed Ward's and Harris's convictions for murder and attempted murder, finding the trial court erred in failing to instruct the jury on the lesser offenses of voluntary manslaughter and attempted voluntary manslaughter. On remand, the District Attorney had 60 days to decide whether to re-try the defendants for murder and attempted murder or accept convictions of the lesser offenses. The District Attorney chose to accept the lessers, and the trial court reduced Ward's convictions for murder and attempted murder to voluntary manslaughter and attempted voluntary manslaughter.

In advance of resentencing, Ward filed a sentencing memorandum arguing that the trial court was only permitted to resentence him on the convictions for voluntary manslaughter and attempted voluntary manslaughter and was required to leave his sentence on counts 2 and 4 intact as originally imposed.

The trial court rejected Ward's argument and ruled that it was authorized to conduct a full resentencing. The trial court then proceeded to resentence Ward to a total term of 35 years to life. The court selected count 2, shooting at an occupied motor vehicle (§ 246), as the base count. The court imposed the mid-term of five years, which was doubled to 10 years due to

---

[3]     Ward was sentenced to 55 years to life on count 1, and 34 years to life on count 6. The trial court stayed Ward's sentence on counts 2 and 4 under section 654.

3

Ward's prior strike (§ 667, subd. (e)). The court acknowledged it had the discretion to reduce or strike the firearm enhancement under section 12022.53, subdivision (d), on count 2 but declined to do so. The court instead imposed a sentence of 25 years to life for the enhancement, for a total sentence of 35 years to life on count 2. The court imposed concurrent sentences on the remaining counts.

Ward filed a timely notice of appeal. On appeal, Ward argues the trial court exceeded its jurisdiction in conducting a full resentencing. Alternatively, he argues the trial court erred in declining to strike his firearm enhancement under section 1385.

## DISCUSSION

I.   *Full Resentencing was Appropriate*

The parties dispute whether this court's prior appellate opinion vacated his entire sentence or only his sentence on counts 1 and 6. This distinction is ultimately immaterial.

Defendant argues that if the prior appellate opinion only vacated his sentence on counts 1 and 6, then the trial court exceeded its jurisdiction by resentencing him on remand on the remaining counts. We disagree. As our California Supreme Court has recognized, "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citations.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) "Under the full resentencing rule, a trial court is authorized to modify every aspect of a defendant's sentence upon resentencing." (*People v. Nguyen* (2025) 109 Cal.App.5th 1133, 1142; accord, *People v. Henderson* (2025) 110 Cal.App.5th 828, 838.)

4

Ward's reliance on *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 (*Peracchi*) is misplaced. The question in *Peracchi* was whether a criminal defendant could move to disqualify the resentencing judge under Code of Civil Procedure section 170.6 following remand from the partial reversal of a multi-count criminal judgment. (*Id.* at pp. 1248–1249.) The *Peracchi* court was not asked to determine whether the defendant could be fully resentenced upon remand. (See *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11 ["As we have repeatedly observed, '"cases are not authority for propositions not considered"'"].)

We conclude the trial court had the power to fully resentence Ward and therefore did not exceed its jurisdiction in doing so.

II. *No Error by the Trial Court in Declining to Strike the Firearm Enhancement*

A. *Legal Standards*

Section 12022.53, subdivision (d), provides in relevant part that: "Notwithstanding any other law, a person who, in the commission of a felony specified in . . . Section 246, . . . personally and intentionally discharges a firearm and proximately causes great bodily injury . . . shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life." Section 12022.53, subdivision (h), gives the trial court the power to "strike or dismiss" an enhancement under section 12022.53 pursuant to section 1385.[4]

---

[4] "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).)

Section 1385, subdivision (c)(1), provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) "provides that a sentencing court '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1028.)

Under section 1385, subdivision (a), if a court strikes or dismisses an enhancement, it must state its reasons for doing so on the record.[5]

We review the trial court's sentencing decisions for an abuse of discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest'"]; accord, *People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 (*Carmony*); *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 (*Mendoza*).)

"The abuse of discretion standard is highly deferential." (*Mendoza, supra,* 88 Cal.App.5th at p. 298.) "First, '"[t]he burden is on the party

---

[5] "The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter." (§ 1385, subd. (a).)

6

attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"  [Citations.]  Second, a "'decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"  [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)

### B.  *Discussion*

Ward argues the trial court erred in declining to dismiss his firearm enhancement under section 1385 because the court was required to either find that dismissal of that enhancement would endanger public safety, or that dismissal was not in the interests of justice after weighing the various factors required by the statute.  Ward contends the trial court must have failed to satisfy either requirement because it did not make express findings on the record explaining the basis for its decision not to strike the enhancement.

Contrary to Ward's suggestion, the trial court had no obligation to state its reasoning in declining to strike his firearm enhancement on the record. While section 1385 requires a trial court to state its reasons for striking an enhancement, there is no reciprocal requirement that the trial court state its reasons for declining to strike an enhancement.  (§ 1385, subd. (a).)  "On appeal, the defense bears the burden of showing both error and prejudice."

(*People v. Smith* (2015) 61 Cal.4th 18, 39.) "[W]here a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229 ["Error may not be presumed from a silent record"].)

Further, as the Attorney General points out, Ward forfeited this argument by failing to raise it below. (*People v. Scott* (1994) 9 Cal.4th 331, 352 ["a defendant cannot complain for the first time on appeal about the court's failure to state reasons for a sentencing choice"].)

On appeal, Ward has elected not to respond to the Attorney General's forfeiture argument and has therefore conceded that he forfeited this argument by failing to raise it below. (*People v. Bouzas* (1991) 53 Cal.3d 467, 480 [argument is conceded by failure to address it on appeal]; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 529 [party "effectively concedes" issue by failing to address it in brief].)

III.    *Abstract of Judgment*

The Attorney General notes that defendant's current abstract of judgment erroneously suggests defendant has been sentenced to a determinate term of 35 years and not an indeterminate term of 35 years to life. We agree. In the interest of accuracy, we direct the superior court clerk to correct the abstract of judgment to correctly reflect Ward's cumulative sentence of 35 years to life.

//

//

//

//

8

## DISPOSITION

The trial court's order resentencing defendant is affirmed. The superior court clerk is directed to correct the abstract of judgment as described above. The clerk is further directed to forward certified copies of the amended abstract to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.*

We concur:


MORI, Acting P. J.


TAMZARIAN, J.

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.